UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

SERENA BENJAMIN, individually )
and on behalf of all others similarly situated, )
                                      )
              *Plaintiff*, )
                                      )
v.                                  )    Case No.
                                      )
OUTER, INC.,                         )
                                      )
              *Defendant*. )
                                      )

## NOTICE OF REMOVAL

Defendant, Outer, Inc. ("Outer"), hereby removes the above-captioned action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida pursuant to the Class Action Fairness Act of 2005 ("CAFA").

**I.    BACKGROUND**

1.    On April 5, 2023, Serena Benjamin ("Plaintiff") filed this putative class action against Outer in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, captioned *Serena Benjamin, individually and on behalf of all others similarly situated v. Outer, Inc.* Case No. CACE-23-012275, asserting claims under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059. Plaintiff alleged that commencing on or about March 1, 2022 through May 19, 2023,[1] Outer violated the FTSA by making calls without prior express consent. Plaintiff seeks statutory damages and injunctive relief, plus attorneys' fees and costs, on behalf of herself and a putative class.

---

[1] Presumably this is a typographical error given that this date is more than a month after the Complaint was filed.

2. The Complaint names Outer as the sole defendant and Outer has not yet responded. The Florida Circuit Court granted Outer's unopposed motion for a 35-day extension of time to respond to the Complaint, through and including June 19, 2023.

3. Under 28 U.S.C. §§ 1441(a), 1446, and 1453, the Complaint is removable to this Court because Outer has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

4. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Outer shall give written notice to Plaintiff and to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida of its filing of this Notice of Removal.

## II. OUTER HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

5. On April 21, 2023, Outer was served with the Summons and the putative Class Action Complaint. This Notice of Removal has been filed within 30 days thereof, and is therefore timely under 28 U.S.C. § 1446(b).

6. Venue is proper in this Court because it corresponds to the district and division where this litigation was filed.

7. As required under 28 U.S.C. § 1446(a) and Local R. 1.06(b), true and correct copies of all process, pleadings, and orders served upon Outer, as well as a copy of each paper docketed in the Florida Circuit Court action are attached hereto. *See* Exhibit A.

## III. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER CAFA

8. Under CAFA, this Court has diversity jurisdiction over the putative class action because: (1) the putative class exceeds 100 members; (2) at least one member of the proposed class has a different citizenship from Outer; (3) the amount in controversy exceeds $5 million in

the aggregate for the entire class, exclusive of interest and costs; and (4) the exceptions to CAFA do not apply here.  *See* 28 U.S.C. § 1332(d).

        **A.**      **The Putative Class Size Exceeds 100.**

        9.      Under CAFA, the proposed class must consist of at least 100 persons.  *See* 28 U.S.C. § 1332(d)(5).  The Complaint seeks to certify a class under Florida Rule of Civil Procedure, Rule 1.220(b)(2) and (b)(3).[2]  Compl. ¶ 20.  Plaintiff defines the putative "Class" as:

> All persons in the State of Florida who, (1) were sent a more than one text message regarding Defendant's property, goods, and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) from July 1, 2021 through the date of class certification.

*Id*.

        10.      Outer has verified that it sent more than 3,334 text messages (similar to those in Paragraph 11 to the Complaint) to phone numbers with Florida area codes from July 1, 2021 to the present.  *See* Declaration of Patrick Ryan, attached as Exhibit B, ¶ 4.  Thus, members of the alleged putative Class are likely to exceed 100 persons required for CAFA jurisdiction.

        **B.**      **There is Minimal Diversity Sufficient to Establish CAFA Jurisdiction.**

        11.      Under CAFA there must also be minimal diversity, which exists where at least one putative class member is a citizen of a different state than any defendant.  *See* 28 U.S.C. § 1332(d)(2).

        12.      The Complaint alleges that Outer "is a foreign corporation and a 'telephone solicitor' as defined by Fla. Stat. 501.059(f)."  Compl. ¶ 7.  Outer is incorporated in Delaware and has a principal place of business in California.  Declaration of Patrick Ryan, ¶ 3.

        13.      Plaintiff is a citizen of Florida.  *See* Compl. ¶ 5.

---

[2] Florida Rules of Civil Procedure Rule 1.220(b) is similar to Federal Rule of Civil Procedure 23(b).

14. Moreover, Plaintiff has alleged that the putative "Class" is limited to "[a]ll persons in Florida…." Compl. ¶ 36. Accordingly, the alleged class members are diverse with Outer.

15. Thus, CAFA's requirement of minimal diversity is satisfied here. *See* 28 U.S.C. § 1332(d)(2)(A).

**C.    The $5 Million Amount in Controversy Requirement is Met.**

16. Under CAFA, the aggregate amount in controversy must exceed $5 million for the entire putative class, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).

17. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Where the plaintiff has not alleged a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014).

18. In analyzing the amount in controversy, "[a] court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden." *S. Fla. Wellness, Inc.*, 745 F.3d at 1315. A removing defendant may introduce "affidavits, declarations, or other documentation" to support its position that the amount of controversy exceeds the jurisdictional minimum. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010).

19. The amount in controversy "is less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits." *S. Fla. Wellness, Inc.*, 745 F.3d at 1315 (internal quotation marks omitted); *see also McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014) ("There is no doubt

4

that, when analyzing the amount in controversy, the district court is precluded from inquiring into the amount a party is likely to receive on the merits."). The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. Thus, to carry its burden, the removing defendant merely needs to show that the potential damages could exceed the jurisdictional amount. *Pretka*, 608 F.3d at 754 ("The point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.").

20. As set forth in the attached Declaration of Patrick Ryan, Outer sent more than 3,334 text messages similar to those alleged in the Complaint to phone numbers with Florida area codes from July 1, 2021 to the present. *See* Declaration of Patrick Ryan, ¶ 4.

21. According to the Complaint, "[t]he matter in controversy exceeds the sum or value of $30,000.00 exclusive of interest, costs, and attorney's fees." Compl. ¶ 8. However, based on the number of text messages sent by Outer during the relevant time period and the potential for treble damages for a "willful or knowing" violation of the FTSA, the amount in controversy exceeds $5 million. Specifically, under the FTSA, an aggrieved party may "recover actual damages or $500, whichever is greater" for a single violation. Fla. Stat. § 501.059(10)(a). Plaintiff's Complaint further alleges that Outer's violation of the FTSA was "willful or knowing." *See* Compl. ¶ 37. Under the FTSA, "if the court finds that the defendant willfully or knowingly violated this section…the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under paragraph (a)." Fla. Stat. § 501.059(10)(b). Applying an award of treble damages for a willful and knowing violation of the FTSA by Outer for more than 3,334 texts at issue, yields more than $5 million [3,334 text messages x $500 (per statutory violation) x 3 (for willful or knowing violation) = $5,001,000]. *See Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining

the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered." (internal citations omitted)). Moreover, this amount does not include the value of the injunctive relief, which would further increase the amount in controversy.

22. Accordingly, the total amount of alleged compensatory damages exceeds CAFA's $5 million jurisdictional threshold.

### D. The Exceptions to CAFA Do Not Apply.

23. CAFA provides two mandatory exceptions to the application of federal jurisdiction, and one discretionary exception. *See* 28 U.S.C. § 1332(d)(4)(A)-(B) (mandatory); 28 U.S.C. § 1332(d)(3) (discretionary). Both the mandatory and discretionary exceptions to CAFA require the presence of a nondiverse in-state defendant. 28 U.S.C. § 1332(d)(4)(A)-(B) (mandatory abstention requires either: (1) "significant relief" to be sought from an in-state defendant (local controversy exception) or that (2) the "primary defendant" to be an in-state one (home state exception)); 28 U.S.C. § 1332(d)(3) (discretionary abstention also requires the "primary defendant" be an in-state one). Here, Outer is the only defendant and is not an in-state defendant. Rather, Outer is a foreign business entity. *See* 28 U.S.C. § 1332(c)(1), (d)(10). Therefore, the exceptions to CAFA are not applicable to this matter.[3]

24. Accordingly, because Outer has demonstrated that all prerequisites for CAFA jurisdiction have been met and none of the exceptions apply, this matter is properly removable.

---

[3] The exceptions to CAFA would also fail for other reasons, and Outer reserves the right to raise all defenses in the event that Plaintiff attempts to satisfy her burden of asserting the CAFA exceptions.

**WHEREFORE,** Outer respectfully requests that this Court assume full jurisdiction over this action.

Respectfully submitted this 19th day of May, 2023.

*/s/ Jonathan H Kaskel*
Jonathan H Kaskel, FBN 52718
Leandra L. Lopez, FBN 1035458
Dentons US LLP
1 Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 537 0009
Facsimile: (305) 670-4846
jonathan.kaskel@dentons.com
leandra.lopez@dentons.com
*Attorneys for Defendant, Outer, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2023, the foregoing was filed using the Court's CM/ECF system and served by way of email on the below service list.

*/s/ Leandra L. Lopez*

**SERVICE LIST**

**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
mhiraldo@hiraldolaw.com
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida  33301
Telephone: 954.400.4713

**DAPEER LAW, P.A.**
Rachel Dapeer, Esq.
rachel@dapeer.com
20900 NE 30th Avenue
Suite 417
Aventura, Florida  33180
Telephone: 305.610.5223